**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| **v.** | : | **No. 17-cr-232-4** |
| | : | |
| **Javier Vasquez** | : | |
| | : | **January 12, 2022** |
| | : | |

<u>**ORDER AND DECISION DENYING**</u>
<u>**MOTIONS FOR COMPASSIONATE RELEASE [DKTS. 386 and 397]**</u>

Before the Court is a motion for compassionate release.  This matter was precipitated by a *pro se* compassionate release motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant, Javier Vasquez on November 5, 2020. [*Pro Se* Mot., Dkt. 386]. The Court re-appointed Mr. Vasquez's trial counsel, Attorney Wenc, to represent Mr. Vasquez on the motion for compassionate release and ordered Attorney Wenc to supplement the incomplete set of medical records filed by Mr. Vasquez in support of his *pro se* motion. [Order, Dkt. 390]. On July 6, 2021, Attorney Wenc filed a motion for compassionate release and a motion to seal medical records. [Mot., Dkt. 397 and Mot. to Seal, Dkt. 398]. Attorney Wenc filed the medical records which the Court ordered sealed. [Medical Records, Dkt. 408 and Order, Dkt. 409]. Attorney Wenc's motion incorporates the arguments in Mr. Vasquez's *pro se* motion, so the Court will address that motion and reference the *pro se* motion when necessary.

Mr. Vasquez argues that "extraordinary and compelling reasons" warrant a reduction in his sentence due to (1) the ongoing COVID-19 pandemic, which has made his sentence much more punitive than intended, (2) his medical condition

1

that renders him especially vulnerable to serious illness or death if infected with COVID-19, and (3) the 18 U.S.C. § 3553(a) factors as applied to his case. [*Id.*].

The Government filed an opposition to the motion arguing that (1) Mr. Vasquez's vaccination virtually eliminates his risk of severe illness from COVID-19, (2) the challenges from COVID-19 do not present an extraordinary and compelling basis for sentence reduction, and (3) the § 3553(a) factors do not weigh in favor of release.  [Opp., Dkt. 400].

After carefully reviewing the pleadings and exhibits, the Court denies Mr. Vasquez's motions for compassionate release.

## BACKGROUND

I.    Case Background

On January 9, 2019, Mr. Vasquez executed a plea agreement in which he agreed to plead guilty to conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii).  [Plea, Dkt. 232].  The plea agreement provides that the estimated custodial sentenced under the United States Sentencing Guidelines was 46 to 57 months, however the statutory minimum was 60 months. [*Id.*].  Mr. Vasquez agreed to waive his right to appeal the sentence if it did not exceed 60 months of imprisonment. [*Id.*].

On April 10, 2019, Mr. Vasquez appeared before this Court for sentencing. After considering the § 3553(a) factors, the Court sentenced Mr. Vasquez to 60 months imprisonment, to be followed by four years supervised release and the $100 special assessment. [Judgement, Dkt. 317].  Mr. Vasquez has served

approximately 31 months of the 60 months sentence, which is a little over 50% of the sentence imposed.

## II.    Health Conditions

Mr. Vasquez claims in his motion that he has a disfigured right hand and is █████████. [*Pro Se* Mot., Dkt. 386 at 1]. Attorney Wenc's motion states that Mr. Vasquez suffers from alcoholic liver disease, hyperlipidemia, and a life-threatening disease. [Mot., Dkt. 397 at 4]. Footnote four of the motion cites to the attached "FBOP psychological records" and "vaccination records." [*Id.*]. However, Attorney Wenc did not attach any records to his motion and filed the referenced materials along with 181 pages of medical records approximately five months after he filed the motion. *See* [Medical Records, Dkt. 409]. This submission was not accompanied or followed by a supplemental memorandum of law advocating on behalf of Mr. Vasquez citing to the more than 100 pages of medical records.

To avoid unjustly denying Mr. Vasquez's motion for failing to carry the burden of proof, the Court spent many hours examining and analyzing the voluminous  medical records to ascertain those portions relevant to the relief the motion seeks.

It appears that the life-threatening disease to which Attorney Wenc obliquely refers to is ████ The following diagnosis is referenced throughout Mr. Vasquez's medical records, first appearing on page 62: "████ asymptomatic (never had an ████ related illness), ████ – current."[1] [*Id.*]. The medical records also indicate that Mr. Vasquez has a "history of hypertension" and alcoholic liver disease [*Id.* at pp. 62

---

[1] ████ is the code for asymptomatic ████ infection status. *See https://journal.ahima.org/clarifying-coding-for-████████-in-icd-10/* (last visited January 3, 2022).

3

and 90]. Mr. Vasquez does not provide any support for the contention that his particular diagnoses of asymptomatic ███, alcoholic liver disease, or a history of hypertension put him at heightened risk of serious illness were he to contract COVID-19. In fact, Attorney Wenc's motion merely speculates that because of his diagnoses, he "*may* suffer from a weakened immune system, which requires him to take extra precautions to avoid the virus that causes COVID-19." [Mot., Dkt. 397 at 13] (emphasis added).

Indeed Mr. Vasquez has taken extra precautions to protect himself against COVID-19. He received both doses of the Moderna COVID-19 vaccine, the first dose on January 6, 2021 followed by the second dose on February 3, 2021. [Medical Records p. 1]. His medical records do not indicate whether he was offered, accepted, or received a booster when he became eligible 6 months after he received a second dose.[2] Mr. Vasquez does not claim to have requested a booster to no avail.

III.   Correctional Facility

Mr. Vasquez is currently serving his period of imprisonment at FCI Fort Dix in New Jersey. According to the BOP COVID-19 tracking website, there are currently two inmates and six staff with confirmed active cases.[3] In addition, approximately 65% of all inmates at FCI Fort Dix have been fully inoculated.[4]

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/booster-shot.html (last visited January 3, 2021).
[3] *COVID-19*, BOP.Gov, available at: https://www.bop.gov/coronavirus/ (last visited January 3, 2021).
[4] *Id.* (showing 2198 inmates at FCI Fort Dix have been fully inoculated); *FCI Fort Dix*, BOP.Gov, available at: https://www.bop.gov/locations/institutions/ftd/ (last visited January 3, 2021) (showing 3354 inmates at FCI Fort Dix and the Camp).

4

## LEGAL STANDARD

Under the First Step Act of 2018, federal prisoners may petition courts directly for reduction of their sentences, and judges may grant such requests if "extraordinary and compelling reasons" support reduction. *See* First Step Act of 2018, Section 603(b), Pub. L. 115- 391, 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582(c)(1)(A)(i)) ("First Step Act"). 18 U.S.C. § 3582(c)(1)(A) now authorizes a court to modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* "The defendant bears the burden of showing that she is entitled to a sentence reduction." *United States v. Gagne*, No. 3:18-CR-242 (VLB), 2020 WL 1640152, at *3 (D. Conn. Apr. 2, 2020).

## ANALYSIS

### I.    Exhaustion

Mr. Vasquez argues that he has exhausted his administrative remedies by seeking relief from the warden of FCI Fort Dix and the warden's denial of the relief.

5

Attached to Mr. Vasquez's motion is a letter from the Warden of FCI Allenwood Low, the facility where Mr. Vasquez was formerly incarcerated, dated August 19, 2020, in which the warden denies a request for reduction in sentence. [*Pro Se* Mot., Dkt. 386-2.]. It appears that the original request, which was not provided to the Court, argued that Mr. Vasquez's sentence should be reduced because of "[health concerns] due to COVID-19." [*Id.*]. The warden's letter states that it reviewed Mr. Vasquez's medical records and determined that although he "has medical concerns, they are not debilitating." [*Id.*]. The Court finds that Mr. Vasquez exhausted his administrative rights as required under § 3582(c)(1)(A).

## II.    Extraordinary and Compelling Reasons

At Congress's direction, the U.S. Sentencing Commission promulgated guidance on the circumstances constituting "extraordinary and compelling" reasons. *See* 28 U.S.C. § 944(t); U.S.S.G. 1B1.13. The U.S. Sentencing Commission has not updated its guidance since the enactment of the First Step Act. *See* U.S.S.G. 1B1.1 (Nov. 1, 2018). The Application Notes to U.S.S.G. § 1B1.13 explain that a defendant's medical condition may constitute "extraordinary and compelling" circumstances when:

> (A) Medical Condition of the Defendant.--
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> [or]
>> (ii) The defendant is--
>>> (I) suffering from a serious physical or medical condition,
>>> (II) suffering from a serious functional or cognitive impairment, or

6

> > **(III) experiencing deteriorating physical or mental health because of the aging process,**
> > **that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.**

**U.S.S.G. 1B1.13, Commentary Application Note 1(A). Any "other" "extraordinary and compelling reason" may also justify relief. *Id.* at Commentary Application Note 1(D).**

**"[T]he mere existence of COVID-19 in society and the possibility that it might spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). But this Court and others have recognized that an inmate's chronic medical condition that elevates his risk of becoming seriously ill from COVID-19 according to the CDC may be such an extraordinary and compelling reason. *See United States v. Sanchez*, No. 18-CR-00140-VLB-11, 2020 WL 1933815, at \*5 (D. Conn. Apr. 22, 2020) (collecting cases).**

**Here, Mr. Vasquez has not provided any evidence to support his claim of medical vulnerability that elevates his risk of becoming seriously ill from COVID-19. The only evidence before the Court are the medical records. There is no interpretation within those records that recommends his release or suggests that release would be helpful in treating his conditions. Mr. Vasquez has not provided a medical opinion relating to the severity of his conditions or his prognoses. The Court is not a medical expert capable of discerning the difference between asymptomatic ▆ or alcoholic liver disease and someone with severe debilitating disease. Mr. Vasquez does not allege, nor has he factually established that his specific conditions put him at risk of having a severe case of COVID-19.**

Additionally, the evidence tends to show he is at low risk of serious illness based on his vaccination status. The medical records pre-date the authorization of booster shots, however, even if Mr. Vasquez did not receive the booster, his risk of severe illness and death is low.[5] The Omicron variant does not change Mr. Vasquez's risk level.[6] Thus, Mr. Vasquez has not established an extraordinary and compelling reason justifying compassionate release.

Further, the most recent report from FCI Fort Dix shows that only two inmates were infected with COVID-19 and over 2000 inmates have been fully vaccinated.  Meaning, the risk of contracting the virus itself is low.  The risk is even lower for Mr. Vasquez who is included amongst the vaccinated population.[7]

In addition to his health concerns, Mr. Vasquez argues that his rehabilitation supports a finding of extraordinary and compelling reasons warranting a reduction in his sentence.  Mr. Vasquez cites to his lack of disciplinary history during his time in custody and his completion of RDAP, PennDOT Flagger Training Course, and Serve/Safe Food Handler course to demonstrate his rehabilitation. While it is wise to remain discipline free, the mere lack of discipline for 2.5 years is not extraordinary or compelling.  Additionally, the Court is pleased that Mr. Vasquez is

---

[5] *Breakthrough Infections*, cdc.gov, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html **(Fully vaccinated people are much less likely to be hospitalized or die than people who are not vaccinated.);** *Id.* **(fully vaccinated is defined as receiving two doses of the Pfizer or Moderna COVID-19 vaccine or one dose of the Johnson and Johnson vaccine.).**
[6] *Omicron Variant,* cdc.gov,  https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html **("Current vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant.").**
[7] *Breakthrough Infections*, cdc.gov, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html **("Covid-19 vaccines are effective at preventing most infections.") (last visited January 3, 2022).**

using his time in prison to better himself, but again, the completion of drug treatment and vocational programs is also not extraordinary or compelling.

Congress has directed that "[r]ehabiliation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t).  While the Court recognizes that Mr. Vasquez is not relying on rehabilitation alone in his motion, there is a clear federal policy suggesting that rehabilitation should not be given much weight, particularly where—as here—the other considerations fall well short of being "extraordinary and compelling."

The Court finds that Mr. Vasquez has not met his burden of establishing an extraordinary and compelling reason for his request because (1) he has not established his particular conditions put him at a heightened risk of severe illness or death if infected with COVID-19, (2) having been vaccinated, Mr. Vasquez has a reduced risk of infection, (3) the unlikelihood that Mr. Vasquez would contract a serious case of COVID-19 if he was infected and (4) the low rate of COVID-19 infections at FCI Fort Dix.

Therefore, the Court finds that Mr. Vasquez has failed to establish extraordinary and compelling reasons warranting a sentence reduction to time served.

### III.    Section 3553(a) Factors

Though the Court has found Mr. Vasquez has failed to establish extraordinary and compelling reasons to warrant his request for a sentenced reduction, the Court will also consider whether he would have been entitled to release under the section 3553(a) factors. Mr. Vasquez argues that a reduced

sentence is sufficient to accomplish the goal of sentencing.  He cites to his lack of disciplinary history while in custody, his age, and the progress he made while incarcerated as making him "unlikely to recidivate." The Government argues that sentencing factors weigh heavily against a sentence reduction.

The Court agrees with the Government for many of the reasons stated during Mr. Vasquez's sentencing in 2019, which remain unchanged. His underlying offense conduct involved selling an illegal substance that destroys the lives of its users, addicts who are powerless to resist.  It not only destroys the addict but also the people who love and rely on them and their community.

In addition, Mr. Vasquez has a lengthy criminal history. His prior convictions include assault, drug possession, and gun charges. *See* [PSR, Dkt. 304 at ¶¶ 35-45]. Mr. Vasquez received lenient sentences for all of these convictions, the longest being 18 months incarceration. [*Id.* at ¶ 43]. While on pretrial release in this case, Mr. Vasquez was arrested on domestic violence charges. [*Id.* at ¶ 44].  There is no reason for the Court to believe that, if released, he would not return to the same criminal and often violent behavior in which he regularly engaged.

As both Mr. Vasquez and the Government note, the fact that Mr. Vasquez is serving a statutory mandatory minimum sentence does not play a role in the Court's evaluation.

The Court would have denied Mr. Vasquez's motion regardless of his failure to show extraordinary and compelling reasons because the section 3553(a) factors weigh heavily against a sentence of time served.

## CONCLUSION

For the aforementioned reasons, the Court denies Mr. Vasquez's motions for compassionate release.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated this day in Hartford, Connecticut: January 12, 2022